UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LEONARD RAY SMITH** | **CIVIL ACTION NO.  11-0531** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

Pending before the Court is a Social Security appeal filed by Leonard Ray Smith ("Smith"). Magistrate Judge Karen Hayes issued a Report and Recommendation on July 6, 2012, recommending that the decision of the Social Security Administration be affirmed and that this appeal be dismissed with prejudice. [Doc. No. 18]. On July 16, 2012, Smith filed objections to the Report and Recommendation. [Doc. No. 19]. For the following reasons and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Court ADOPTS the findings and conclusions of the Report and Recommendation.

**I.    BACKGROUND**

Smith filed the instant application for Title XVI Supplemental Security Income payments on November 20, 2007. He alleged disability as of December 6, 2007, because of a heart attack. His claim was denied at the initial stage of the administrative process. Thereafter, Smith requested and received a December 17, 2008 hearing before an Administrative Law Judge ("ALJ"). In a decision issued on May 13, 2009, the ALJ determined that Smith was not disabled under the Social Security Act, finding at step four of the sequential evaluation process that he

was able to return to his past relevant work as a janitor/housekeeper. Smith appealed the adverse decision to the Appeals Council. On July 30, 2010, the Appeals Council denied Smith's request for review. Therefore, the ALJ's decision became the final decision of the Social Security Administration.

On April 4, 2011, Smith sought review before this Court. He alleges the following errors: 1) the Appeals Council erred by failing to remand the matter to the ALJ for consideration of newly submitted evidence; 2) the ALJ's residual functional capacity assessment is not supported by substantial evidence; and 3) the ALJ did not ensure that Smith knowingly and intelligently waived his right to counsel, thereby depriving Smith of a full and fair hearing, with resulting prejudice.

On July 6, 2012, Magistrate Judge Hayes issued a Report and Recommendation recommending that the Court find the Commissioner's determination is supported by substantial evidence and remains free of legal error.

## II.    LAW & ANALYSIS

In support of this appeal, Smith has submitted evidence that he was admitted to hospitals for heart failure after his hearing but before the ALJ issued his written decision. On December 17, 2008, Smith received a hearing before the ALJ regarding his application for disability benefits. On May 13, 2009, the ALJ issued his decision denying Smith's application. In the five-month period between the hearing and the decision, Smith was admitted to St. Francis Medical Center and LSU Medical Center on several occasions for congestive heart failure. In sum, this evidence demonstrates Smith's continuing and possibly deteriorating heart condition.

In reviewing this evidence, Magistrate Judge Hayes noted that any evidence used to attack the holding of an ALJ on appeal must pertain to the "relevant period." [Doc. No. 18, p. 10]. In a

footnote, Magistrate Judge Hayes stated that "Fifth Circuit case law suggests that the relevant period for a disability claim extends until the date of the administrative hearing." [Doc. No. 18, p. 10 n. 8]. Further, Magistrate Judge Hayes found that "Even if the 'new' evidence that falls between the hearing date and the date of the ALJ's decision pertained to the relevant period, the court is not persuaded that it is otherwise is [*sic*] material, *i.e.*, relevant, probative, and likely to have changed the outcome of the Commissioner's determination." [Doc. No. 18, p. 10] (citations omitted).

In the Fifth Circuit, a district court may remand a Social Security appeal to the Social Security Administration on the basis of new evidence only where such evidence is material. *Hammond v. Barnhart*, 124 Fed. Appx. 847, 853 (5th Cir. 2005) (unpublished) (citing 42 U.S.C. § 405(g)). The Fifth Circuit has held that this materiality requirement implicitly requires that the evidence "'relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously nondisabling condition.'" *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985) (quoting *Szubak v. Sec'y of Health and Human Servs.*, 745 F.2d 831, 833 (3rd Cir. 1984)).

Fifth Circuit case law does not clearly indicate whether the relevant time period stops with an ALJ's hearing or extends until the ALJ issues his written decision. Magistrate Judge Hayes interpreted Fifth Circuit precedent as indicating that the relevant time period stops with the hearing. [Doc. No. 18, p. 10 n. 8] ("Fifth Circuit case law suggests that the relevant period for a disability claim extends until the administrative hearing.") (citations omitted). However, the regulation governing information submitted to the Appeals Council states that the relevant period extends until the ALJ issues his written decision. 20 CFR § 404.970(b) ("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only

where it relates to the period on or before the date of the administrative law judge hearing **decision**. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing **decision**.")(emphasis added).[1]

Here, the Court finds that Magistrate Judge Hayes has fully considered the evidence submitted on appeal that relates to the period between the hearing and decision. Further, after a *de novo* review of the record, the Court adopts the Report and Recommendation, including Magistrate Judge Hayes' finding that the new evidence is not material even if the relevant period extends to the written decision.

In this case, Smith has not pointed to any manifest errors of law or fact or to newly discovered evidence sufficient to meet his burden on appeal. Rather, Smith has provided some evidence that his medical condition was worsening near the end of the relevant period. Although this evidence is insufficient for this Court to remand to the Social Security Administration, the proffered evidence may support a new claim for benefit payments with a later disability onset date if Smith can meet the required showing.

## III. CONCLUSION

Based on the foregoing, the Court ADOPTS the findings and conclusions set forth in the Magistrate Judge's Report and Recommendation. [Doc. No. 18].

The Commissioner's decision is AFFIRMED, and this matter DISMISSED WITH PREJUDICE.

---

[1] Evidence submitted to the Appeals Council for the first time is "part of the record on appeal because the statute itself provides that such record includes 'the evidence upon which the findings and decision complained of are based.'" *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005) (citing 42 U.S.C. § 405(g)).

THUS DONE AND SIGNED this 7th day of August, 2012, Monroe, Louisiana.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE